# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLAYTON DUNHAM,<br><br>                      Petitioner,<br><br>v.<br><br>D.K. SISTO, et al.,<br><br>                      Respondents. | No. CIV S-07-0173 MJP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on John Clayton Dunham's petition for a writ of habeas corpus. (Dkt. No. 1.) After reviewing the petition, answer (Dkt. No. 8), and the balance of the record, the Court DENIES the petition.

**Background**

Mr. Dunham is a state prisoner currently incarcerated at the California State Prison in Solano, California. He seeks relief under 28 U.S.C § 2254 from his 2003 conviction by the Yolo County Superior Court for possession of ephedrine with intent to manufacture a controlled substance. On direct review, the California Court of Appeal described the facts of the case as follows:

> On February 19, 2002, defendant's SUV and his bedroom in his parents' home were searched.
> In the SUV, police discovered an array of items—up to 19, in fact—that could be used in the manufacture of methamphetamine. These included two gallons of denatured alcohol, a can of acetone, a container of muriatic acid, four large buckets, tubing, funnels, a pitcher, aluminum foil, duct tape, an electric stove, and a small gas stove. Most of these items appeared to be new and unused. . . . A bag containing about 21 grams of dimethyl sulfone, a substance often used to "cut" or dilute methamphetamine, was also found in the SUV.

ORDER - 1

> Ceceila Cital, a friend of defendant's, was in his SUV at the time of the search. Cital informed the police that defendant had driven the SUV to the (search) site, where he was checking in with his parole agent while she waited in the vehicle. . . . Cital denied knowing anything about the methamphetamine-related items in the SUV, which were in the back.
> In a shoebox under the bed in defendant's bedroom, police found 12 unopened, factory-sealed packages (termed "boxes") of Sudafed. . . . Police also found in the bedroom a detailed, approximately 24-page "recipe" for making methamphetamine. . . .
> After being photographed, the Sudafed boxes were given to Investigative Sergeant Joseph Hardin of the Dixon Police Department. Hardin took the boxes to a Long's Drug[s] [s]tore in Dixon, where a recent commercial burglary was being investigated and some Sudafed was missing. . . . Defendant, while working for Aztec Janitorial Services prior to being discharged in January 2002, had been assigned to this Long's store. The Dixon Long's manager noted the Sudafed boxes had not been opened. The manager then scanned the bar codes on the boxes, generating a printout. The printout showed that the boxes were Sudafed 12-hour caplets; some of this type of Sudafed was missing from the Dixon Long's. The scan, however, could not definitively establish these boxes as any of the missing ones. Because of the matching bar codes and Dixon Police Department policy, Sergeant Hardin returned the Sudafed boxes to the store manager.

(Lod. Doc. 5.) In April 2003, a jury found Mr. Dunham guilty of possession of ephedrine with intent to manufacture a controlled substance, but acquitted him of a count of receiving stolen property. (R.T. 519.) In a subsequent trial, the Yolo County Superior Court found prior drug conviction and prison term allegations against Petitioner to be true. (R.T. 529-31.) In March 2004, Petitioner's pro per motion for a new trial was denied, and he was sentenced for an aggregate period of 15 years including the prior conviction and prison term enhancements. (R.T. 657-60; Lod. Doc. 14.)

Mr. Dunham's conviction and sentence was affirmed by the California Court of Appeal, and review was denied without comment by the California Supreme Court on June 30, 2005. (Lod. Docs. 5, 7.) On September 21, 2005, Mr. Dunham filed a habeas corpus petition in the Yolo County Superior Court for ineffective assistance of trial counsel; this was denied on December 7, 2005. (Lod. Docs. 8, 9.) Mr. Dunham then filed habeas corpus petitions with the California Court of Appeals and the California Supreme Court; both were denied without comment. (Lod. Docs. 10-13.)

Mr. Dunham filed this timely petition seeking a writ of habeas corpus on January 29, 2007. (Dkt. No. 1.) Petitioner identifies eight grounds for relief in his habeas petition: (1) insufficient evidence of possession of a controlled substance; (2) bad faith destruction of exculpatory evidence—boxes labeled "Sudafed"; (3) erroneous admission of demonstrative evidence to prove the boxes contained Sudafed; (4) erroneous admission of irrelevant, prejudicial evidence that the Sudafed found was stolen; (5) trial counsel's conflict of interest; (6) erroneous instruction of the jury; (7) improper denial of Petitioner's mistrial motion; and, (8) ineffective assistance of trial counsel for failure to conduct pretrial investigations and present evidence.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this habeas corpus petition because it was filed after the Act's effective date of April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997). Under AEDPA, a writ of habeas corpus is only appropriate if the state court's judgment (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established Federal law" refers to the holdings, not dicta, of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 407 (2000). A state court's decision is "contrary to" Supreme Court precedent if the state court either "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a result different from our [Supreme Court] precedent." Id. at 405-06. A state court's decision is an "unreasonable application" of Supreme Court precedent if it is "objectively unreasonable," which means that the decision must be "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). This high standard is met "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably

applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. Alternatively, there is unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id.

A state court's findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). However, a writ of habeas corpus may be issued if the state court's factual determination was based on "an unreasonable evidentiary foundation." Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003) (citing 28 U.S.C. § 2254(d)(2)).

**Discussion**

A claim is exhausted by raising it through one complete round of a state's appellate review process either on direct appeal or in collateral proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). In determining whether a state court decision is contrary to or an unreasonable application of federal law under AEDPA, federal courts look at the state's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Mr. Dunham exhausted grounds one to five on direct appeal, and the last reasoned decision on those grounds is the unpublished opinion of the California Court of Appeals. (See Lod. Docs. 1, 2, 5, 6.) Although the claims of erroneous instruction of the jury and denial of a mistrial motion were raised and addressed by the Court of Appeals, grounds six and seven were not presented to the California Supreme Court. (See Lod. Docs. 5, 6.) Nonetheless, this Court can deny Mr. Dunham's petition on the merits of those claims. See 28 U.S.C. § 2254(b)(2). Mr. Dunham exhausted his ineffective assistance of counsel of claim by filing state habeas petitions, and the last reasoned decision on ground eight is the unpublished opinion of the Yolo County Superior Court. (See Lod. Docs. 8, 9, 10, 12.)

1. Ground One: Insufficient Evidence of Constructive Possession

Mr. Dunham contends that he has been deprived of due process because the evidence is insufficient to support the jury's findings that he constructively possessed anything at the house that was searched, that there was Sudafed in the house, or that any Sudafed found in the house contained ephedrine or pseudoephedrine. (Dkt. No. 1 at 4, 5.)

Evidence is sufficient if "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original). Because the <u>Jackson</u> standard gives the jury the responsibility of resolving conflicts and drawing inferences, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." <u>Id.</u> at 319, 326.

The California Court of Appeals reasonably applied the <u>Jackson</u> standard. Although the house searched was Petitioner's parents' home, testimony indicated that the house was Petitioner's residence when the search warrant was prepared and that neighbors connected Petitioner to the house. (<u>See</u> Lod. Doc. 5 at 5.) This evidence, together with Petitioner's admission that he had found Sudafed in a dumpster and had taken it "home," would reasonably allow the jury to infer that Petitioner exercised dominion and control over items at the house. (<u>Id.</u>) Similarly, testimony, photographs, and a bar-code printout reasonably support the finding that police found 12 sealed Sudafed boxes containing pseudoephedrine or ephedrine in the house. (<u>Id.</u>) Therefore, the California court correctly concluded that a rational trier of fact could have found that Petitioner possessed ephedrine or pseudoephedrine beyond a reasonable doubt. Mr. Dunham is not entitled to habeas relief on this ground.

2. Ground Two: Bad Faith Destruction of Exculpatory Evidence

Mr. Dunham asserts that his due process rights were violated when the trial court denied his <u>Trombetta</u> motion concerning the boxes labeled "Sudafed." (Dkt. No. 1 at 4.) He

ORDER - 5

argues that law enforcement's return of the boxes to Long's Drugs is equivalent to losing narcotics in a case where the issue is whether the substance is contraband. (Id. at 6.)

Due process only requires preservation of "evidence that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). The exculpatory value of such evidence must have been apparent before the evidence was destroyed, and the defendant must also be unable to reasonably obtain comparable evidence. Id. at 489. To protect the courts from the "treacherous task of divining the import of materials whose contents are unknown," Petitioner must also show bad faith on the part of the police if the evidence destroyed is that "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988) (quoting Trombetta, 467 U.S. at 486).

The California Court of Appeals appropriately concluded that the trial court reasonably determined the facts and applied the Trombetta/Youngblood standard. The Court of Appeals properly reasons that the exculpatory value of factory-sealed, cellophane-wrapped boxes of a standardized, commercial product known to contain ephedrine or pseudoephedrine could not have been readily apparent to Sergeant Hardin when he returned the boxes to Long's Drugs. (See Lod. Doc. 5 at 8-9.) In addition, the night before Mr. Dunham's arrest, Sudafed had been stolen during an unforced-entry burglary at the Long's Drugs store for which Mr. Dunham had both a key and alarm codes. (R.T. 18-19.) Given these circumstances and police department policy, the California Court of Appeals correctly recognizes that the trial court's finding—that Sergeant Hardin did not act in bad faith when he returned the Sudafed boxes to Long's Drugs—was reasonable. (Lod. Doc. 5 at 9.) Accordingly, Mr. Dunham is not entitled to habeas relief on this ground.

### 3. Ground Three: Admission of Evidence of the Contents of Boxes Found

Mr. Dunham maintains that his due process rights were violated when the trial court admitted oral testimony, photographs, and a sample box to prove the contents of the boxes

found under his bed.  (Dkt. No. 1 at 7.)  He argues that the admission of this evidence violated California's best evidence and hearsay rules.  (Id. at 7, 8.)

Because federal habeas courts do not reexamine state court determinations of state law, habeas relief is only appropriate if the admission of evidence "so fatally infected the proceedings as to render them fundamentally unfair" and violative of Mr. Dunham's due process rights.  See Estelle v. McGuire, 502 U.S. 62, 67-71 (1991) (internal citations omitted); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).  The category of errors that violate fundamental fairness is very narrow.  Estelle v. McGuire, 502 U.S. at 73.  Sergeant Hardin returned the boxes found under Mr. Dunham's bed in good faith, and the admission of photographs of those boxes and an indistinguishable sample box to show that the boxes were labeled "Sudafed" and indicate that they contained pseudoephedrine does not rise to the level of rendering the proceedings fundamentally unfair.  Mr. Dunham is not entitled to habeas relief on this ground.

        4.    Ground Four: Admission of Irrelevant, Prejudicial Evidence of Stolen Sudafed

Mr. Dunham also contends that the trial court's admission of evidence that police believed the Sudafed boxes were stolen from Long's Drugs violated his due process rights.  (Dkt. No. 1 at 7.)  This Court will not reexamine state evidentiary determinations.  See Estelle, 502 U.S. at 67-71; Jammal, 926 F.2d at 919-20.  Although the prejudicial nature of this evidence is apparent, the probative value of this evidence, which explains the unavailability of the actual boxes, is clear.  Therefore, the admission of this evidence did not render the proceedings fundamentally unfair.

Moreover, even if there was a trial error, this only warrants habeas relief if it "had a substantial and injurious effect or influence in determining the jury's verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).  Aside from any evidence of stolen Sudafed, the array of items found in Mr. Dunham's SUV, the unopened, cellophane-wrapped boxes labeled "Sudafed" and the 24-page methamphetamine recipe found in his bedroom, and Mr.

Dunham's admissions that his boss asked him to "cook a batch" of methamphetamine and that he found Sudafed in a dumpster and took it home would have been sufficient evidence for a reasonable jury to find Mr. Dunham guilty of possession of ephedrine with intent to manufacture a controlled substance. (See Lod. Doc. 5 at 2-4.) Accordingly, Mr. Dunham is not entitled to habeas relief on this ground.

### 5. Ground Five: Trial Counsel's Conflict of Interest

Mr. Dunham asserts that his trial counsel had a conflict of interest that violated his sixth amendment right to conflict-free counsel. (Dkt. No. 1 at 10.) Several years before Mr. Dunham's case, his counsel had represented Ceceilia Cital—who was in a relationship with Petitioner and in his SUV when it was searched, occasionally helped Petitioner with his janitorial duties, and was the mother of Petitioner's codefendant—in an unrelated drug possession case. (Lod. Doc. 5 at 16.) Cital testified at trial, and Petitioner's counsel cross-examined Cital about whether anything Petitioner's SUV belonged to her and whether she was aware of the other items in the vehicle. (R.T. 304-306.) Petitioner contends that his counsel's conflict prevented Cital from being vigorously cross-examined or impeached. (Dkt. No. 1 at 10.)

The sixth amendment guarantees criminal defendants the assistance of counsel unhindered by conflicting interests. Wood v. Georgia, 450 U.S. 261, 271 (1981). If no objection was raised at trial, to establish a sixth amendment violation a petitioner "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Mr. Dunham did not raise his counsel's conflict at trial, but his motion for a new trial was based in part on the conflict. (R.T. 653.)

The California Court of Appeals applied the more protective state constitution which only requires demonstration of a potential conflict. (Lod. Doc. 5 at 17.) In light of Petitioner's admissions that he knew about the Sudafed and methamphetamine recipe in his bedroom, the court appropriately held that the conflict did not adversely affect counsel's

ORDER - 8

performance because counsel could not have ethically represented to the court and jury that Cital, rather than Petitioner, possessed the Sudafed. (Id. at 18-19.)

### 6. Ground Six: Erroneous Instruction of Jury

Mr. Dunham maintains that his due process rights were violated when the trial court answered the jury's question about what amount of Sudafed constitutes illegal possession. (Dkt. No. 1 at 11.) The court consulted with prosecution and defense counsel before responding to the jury's question by rereading the standard California jury instruction for possession of ephedrine/pseudoephedrine with intent to manufacture methamphetamine, by telling jurors to answer three questions to determine whether the elements of the crime were met, and by noting that the elements do not focus on a specific amount. (R.T. 515-18; C.T. 252.) Mr. Dunham contends this answer reduced the prosecutor's burden of proof, was non-responsive, and left the jury misinformed. (Dkt. No. 1 at 11.)

Federal habeas courts do not grant relief because a jury instruction may have been undesirable or erroneous under state law, but only if the "instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 71-72 (reiterating that fundamental fairness is defined narrowly). The challenged instruction is considered in the context of the charge and all the instructions, and the inquiry is "whether there is a reasonable likelihood that the jury [ ] applied the challenged instruction in way that violates the Constitution." Id. at 72 (internal quotations and citations omitted).

The California Court of Appeals reasonably determined that the trial court's answer did not reduce the prosecution's burden of proof because the jury was instructed that each element must be proved beyond a reasonable doubt. (See Lod. Doc. 5 at 22; R.T. 452.) The California court also appropriately concluded that the jury was properly instructed on how the amount of Sudafed related to the crime charged. (Lod. Doc. 5 at 21-22.) Thus Mr. Dunham's due process rights were not violated, and he is not entitled to habeas relief on this ground.

1    7. <u>Ground Seven: Trial Court's Improper Denial of Mistrial Motion</u>

2    Mr. Dunham asserts that the trial court's denial of his mistrial motion in the face of incurable prejudice violated his right to a fair trial. (Dkt. No. 1 at 12.) The trial court granted in limine motions to exclude evidence that Petitioner was on parole and the Dixon Long's Drugs store had been burglarized. (Lod. Doc. 5 at 19; R.T. 53-54, 58-66.) During testimony these facts were revealed, and although the trial court recognized the error, it did not issue curative instructions or grant Petitioner's mistrial motion. (Lod. Doc. 5 at 19-20.)

The California Court of Appeals acknowledged that Petitioner was prejudiced by the admitted testimony, but held that a mistrial was not necessary because the error was harmless in light of the other evidence supporting Petitioner's conviction. (<u>Id.</u> at 20.) The <u>Brecht</u> harmless error standard should be applied even when the state court conducted a harmless error review. <u>Bains v. Cambra</u>, 204 F.3d 964, 977 (9th Cir. 2000). However, taking into consideration the incriminating evidence in Petitioner's SUV and bedroom, his admissions, and his janitorial access to drug stores, the testimony admitted could not have had a "substantial and injurious effect" on jury's verdict. <u>See</u> <u>Brecht</u>, 507 U.S. at 637-38. Mr. Dunham is not entitled to habeas relief on this ground.

8. <u>Ground Eight: Ineffective Assistance of Trial Counsel</u>

Finally, Mr. Dunham argues that he was denied effective assistance of trial counsel. (Dkt. No. 1 at 13.) He contends that his counsel neglected to adequately investigate and present evidence that he resided elsewhere at the time his parents' home was searched, that someone else could have possessed the items found in his bedroom, and that the items in his SUV could be explained by repair work he did. (<u>Id.</u>)

To establish ineffective assistance of counsel, Petitioner must show both "that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694

ORDER - 10

(1984). The <u>Strickland</u> standard is "highly demanding," and scrutiny of counsel's performance is highly deferential. <u>Id.</u> at 689; <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 382 (1986). Although counsel has a duty to investigate, counsel's decisions not to investigate must be assessed for reasonableness in light of all circumstances, including the defendant's own statements and actions. <u>Strickland</u>, 466 U.S. at 691 (noting that when counsel is given reason to believe "that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.").

The Yolo County Superior Court relied on Mr. Dunham's admissions to his counsel and the California Court of Appeals' reasoning on the conflict of interest ground to deny Mr. Dunham's habeas petition. (Lod. Doc. 9 at 3.) The Yolo County court also held that in light of the other incriminating evidence, Petitioner had not established that his defense was prejudiced by his trial counsel's failure to investigate. (<u>Id.</u>) Considering Mr. Dunham's admissions to constructively possessing the Sudafed and having knowledge of the methamphetamine recipe, his counsel had no reason to believe that investigations or evidence that he resided elsewhere or that the items in his SUV had other potential uses would have been fruitful or helped the defense. The <u>Strickland</u> standard was properly applied, and Mr. Dunham is not entitled to relief on this ground.

## Conclusion

Because Mr. Dunham has failed to demonstrate entitlement to relief on any ground presented, the Court hereby DENIES his petition for writ of habeas corpus.

The Clerk is directed to send a copy of this order to all counsel of record and to mail a copy to Petitioner.

DATED this 21st day of April, 2009.

Marsha J. Pechman
United States District Judge

ORDER - 12